UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHECKEITA BALLARD, on Behalf of Herself and on Behalf of All Others Similarly Situated, <br>     Plaintiff, <br><br> v. <br><br> FINGER LICK'N CRAB, LLC, <br>     Defendant. | § § § § § § § § § § § | CIVIL ACTION NO. : 1:22-cv-216 <br><br><br><br> JURY TRIAL DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT
COLLECTIVE ACTION & JURY DEMAND

SUMMARY

1. The case implicates Defendant Finger Lick'n Crab, LLC's ("Defendant") violations of the Fair Labor Standards Act's ("FSLA") tip credit and subsequent underpayment of its employees at the federally mandated minimum wage rate.

2. Defendant took advantage of the tip credit to pay its employees a direct wage of $2.13 an hour. Under the FLSA, an employer cannot take advantage of the tip credit unless it complies with the strict requirements of the statute. *See* 29 C.F.R. § 531.59. First, the employer must inform an employee in advance of its use of tip credit pursuant to the provisions of § 203(m). That is, employer must inform the employee of (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool, and (4) that the tip credit shall not apply to any employee who does not receive the notice. *See* 29 C.F.R. § 531.59. Second, "[w]ith the exception of tips contributed to a tip pool limited to employees who customarily and regularly receive tips .

. . [the FLSA] also requires employers that take a tip credit to permit employees to retain all tips received by the employee." *Id.*

3. Defendant ran afoul of the statutory requirements to claim a tip credit by, *inter alia*, failing to properly inform its waitstaff of its intention to claim a tip credit and by requiring its waitstaff to participate in a tip pool that included non-tip eligible employees.

4. As a result of these violations, Defendant has lost its ability to use the tip credit and therefore must compensate its employees at the full minimum wage rate and overtime wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendant must account to its employees for the difference between the wages it paid and the minimum wage of $7.25 an hour and $10.88 an hour for overtime hours worked.

5. Plaintiff Ballard brings this action on behalf of herself and on behalf of all other similarly situated employees ("Class Members") to recover the unpaid wages owed to them by Defendant pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also prays that similarly situated wait staff of Defendant be notified of the pendency of this action to apprise them of their rights and to provide them an opportunity to opt into this litigation.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. Specifically, the restaurant where Plaintiff worked is located in this District.

## PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Sheckeita Ballard is an individual residing in Jefferson County, Texas. Her written consent to this action is attached hereto as Exhibit "A."

10. The Class Members are the current and former tipped employees that worked for Defendant in the three years prior to the institution of this action.

11. Defendant Finger Lick'n Crab, LLC is a limited liability company organized under the laws of Texas. Defendant may be served process through its registered agent Jessie Chen at 3319 Chandler Hollow Ln, Missouri City, TX 77459.

## FLSA COVERAGE

12. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

14. At all material times, Defendant has enjoyed yearly gross revenue in excess of $500,000.

15. At all material times, Plaintiff and Class Members were employees engaged in the commerce or the production of goods for commerce.

## FACTS

16. Defendant operates a seafood restaurant in Beaumont Texas under the trade name "Rock'n Crab Seafood Boil and Bar."

17. Plaintiff Ballard worked for Defendant as a server from approximately August of 2020 to January of 2022.

18. As a server, Plaintiff's primary duties involved providing food and beverages to Defendant's customers.

3

19. Defendant utilizes the tip credit to pay Plaintiff and the Class Members a direct wage less than the minimum wage. In doing so, Defendant relies on the tips received by Plaintiff and Class Members to make up the difference between the direct wage it pays and the minimum wage.

20. Specifically, Defendant paid Plaintiff a direct wage of $2.13 per hour instead of the normal hourly minimum wage of $7.25.

21. Plaintiff also received tips from Defendant's patrons.

22. However, Defendant requires its tipped employees like Plaintiff to share a portion of their tips with employees of the restaurant that cannot legally be included in a tip pool.

23. Defendant's tip pool includes prep cooks, dishwashers, and other "back of the house" employees.

24. "Back of the house" employees, that have little to no customer interaction, are ineligible to participate in a tip pool. Accordingly, by requiring Plaintiff and the Class Members to share their tips with those employees, Defendant violated the FLSA.

25. Defendant also violated the FLSA's tip credit requirements by failing to provide legally complaint notice pursuant to 29 C.F.R. sections 531.54 and 531.59(b).

26. Defendant failed to inform Plaintiff and Class Members of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA.

27. Defendant failed to inform Plaintiff and Class Members of the cash wage it was to pay the tipped employees.

28. Defendant failed to inform Plaintiff and Class Members that all tips received by the employee must be retained by the employee, except for tips contributed to a valid tip pool limited to employees who customarily and regularly receive tips.

29. Defendant failed to inform Plaintiff and Class Members that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit.

30. Defendant failed to inform Plaintiff and Class Members that the tip credit may be taken only as to the amount the server actually receives, and that the employer may not retain any of the server's tips for any other purpose.

31. Plaintiff is a non-exempt employee.

32. Due to the multifaceted violations of the FLSA as outlined above, each of which is independently sufficient, Defendant should lose the ability to claim the tip credit toward minimum wage. As a result, Plaintiff and Class Members were not paid at the federally mandated minimum wage rate.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendant for whom Defendant claimed the tip credit within three (3) years from the commencement of this action to the present.

34. Plaintiff has actual knowledge, through conversations with her co-workers that a class of similarly situated Class Members exists who have been subjected to the same policies with respect to the payment of the minimum wage.

35. The Class Members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

36. Plaintiff and Class Members labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the same rules.

37. The names and address of all Class Members of the collective action are available from Defendant's records.

38. Although the exact amount of damages may vary among the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

39. As such, the class of similarly situated Class Members is properly defined as follows:

**All current and former employees for whom Defendant claimed the tip credit in the three years preceding the filing of this action to the present.**

## CAUSE OF ACTION

VIOLATION OF THE FAIR LABOR STANDARDS
FAILURE TO PAY THE MINIMUM WAGE
(COLLECTIVE ACTION)

40. Plaintiff incorporates the preceding paragraphs by reference.

41. This count arises from Defendant's violation of the FLSA in connection with its failure to pay the minimum wage in association with its illegal use of the tip credit.

42. Defendant's practice of failing to inform its employees of its intent to rely on the tip credit to meets its minimum wage obligations violates the FLSA. Likewise, Defendant's requirement that employees share their tips with ineligible employees violates the FLSA. Moreover, since Defendant are not allowed to take advantage of the tip credit for the reasons described herein, the amounts it paid are below the federally mandated minimum wage.

43. Defendant's failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. To foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## WAGE DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

44. Plaintiff and Class Members are entitled to receive the difference between the federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each hour they worked.

45. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid minimum wage as liquidated damages.

46. Plaintiff is also entitled to recover her attorney's fees and costs, as required by the FLSA.

## JURY DEMAND

47. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

48. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself and the Class Members awarding them:

   a. Minimum wage compensation unadulterated by the tip credit;

   b. An equal amount of their unpaid minimum wage as liquidated damages;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

                          Respectfully submitted,

                          By: */s/ John Neuman*
                          John Neuman
                          JNeuman@smnlawfirm.com
                          State Bar No. 24083560
                          SOSA-MORRIS NEUMAN, PLLC
                          5612 Chaucer Drive
                          Houston, Texas 77005
                          Telephone: (281) 885-8630
                          Facsimile: (281) 885-8813

OF COUNSEL:
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813